UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

EDGENET, INC,

        Plaintiff,

v.                                                 Case No. 09-CV-0747

HOME DEPOT U.S.A., INC.
and JAMES MUSIAL,

        Defendants.
_____

## ORDER

On July 31, 2009, plaintiff Edgenet, Inc. ("Edgenet") brought a complaint against defendants Home Depot U.S.A., Inc. ("Home Depot") and James Musial ("Musial") raising seven different claims stemming from the defendant's alleged "theft and misuse" of the plaintiff's intellectual property. (Pl.'s Compl. 1). After stipulating to an extension of time for which defendants could answer the plaintiff's allegations (Docket #5), on August 31, 2009, Edgenet brought a motion for expedited discovery pursuant to Fed. R. Civ. P. 26(d) and Civil L.R. 7.4. The defendants oppose the motion in question.[1]

Fed. R. Civ. P. 26(d) provides that "except in categories exempted from initial disclosure[s]...or when authorized under these rules or by order or agreement of the

---

[1] On September 10, 2009, Edgenet submitted to this court a motion for leave to file an additional three page reply brief to Home Depot's response, together with the proposed reply brief, asking this court to forgive Rule 7.4's prohibition against reply briefs. Upon examining the reply brief, this court concludes that much of Edgenet's reply either parrots claims made in its original brief or discusses legal issues, including Edgenet's first attempts to discuss the legal standards for expedited discovery, that could easily have been included its original motion. As such, the court will proceed based on the arguments made in Edgenet's motion and in the defendants' response.

parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Here, the parties have not had a Rule 26(f) conference, nor has there been any scheduling order. As such, Edgenet may not commence discovery without the consent of the defendants or an order from this court. *See* Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 16(b)(2).

No standard for the court's authority to allow expedited discovery exists within the rules or its accompanying notes. Courts are split as to whether a party seeking expedited discovery must satisfy a "good cause" or "reasonableness" standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which mirrors the standard required for obtaining a preliminary injunction. *See generally Sheridan v. Oak Creek Mortgage, LLC*, 244 F.R.D. 520, 521 (E.D. Wis. 2007). The reasonableness standard allows expedited discovery when the need for the expedited discovery outweighs the prejudice to the responding party, based on the "entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances." 6 James Wm. Moore *Moore's Federal Practice* § 26.121 (2009). The *Notaro* standard requires the movant demonstrate four elements to help the court decide whether to allow an expedited discovery schedule: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted. *Id.*

This district has applied the *Notaro* test in cases in which a party claims that "without expedited discovery and the resulting earlier trial they [would] suffer irreparable damage."[2] *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170, at *2-3 (E.D. Wis. May 6, 2009) (citing *Notaro,* 95 F.R.D. at 405). Here, both parties acknowledge that the basis for Edgenet's motion is the alleged "irreparable harm" that would result without expedited discovery. (Pl.'s Mot. ¶ 3); (Def's Resp. 2). Given that, coupled with the failure of Edgenet to cite any relevant authority in their motion to the court, the *Notaro* test will be applied here.

The plaintiff broadly asserts that, "based on the facts set forth in" their motion[3] and in an affidavit signed by Edgenet's president, irreparable harm will arise without an expedited discovery schedule. In its motion, Edgenet notes that Home Depot's intention to "cutover" from the plaintiff's service to "HomeDepotLink" on September 4, 2009, and Home Depot's disclosure of Edgenet's intellectual property to third parties requires advancing the timeline for discovery in this case. (Pl. Motion at 2). In the accompanying affidavit, Edgenet President Tom Frederick explains that Home

---

[2]The *Centrifugal Acquisition Corp.* court noted in a footnote that where there is a "pending motion for a preliminary injunction" the reasonableness test should be used, otherwise the preliminary injunction analysis factors would be used "to determine the propriety of an expedited discovery request." *Centrifugal Acquisition Corp.,* 2009 U.S. Dist. LEXIS 56170, at *4, n1. Here, as in *Centrifugal Acquisition Corp.,* there is no pending motion for a preliminary injunction, and, as such, the *Notaro* test is appropriate.

[3]Edgenet also attempts to base the claims in its motion on everything that the plaintiff asserted in its original complaint (Docket #1). However, the plaintiff brings this motion under Civil L.R. 7.4 for "Expedited Non-Dispositive Motion Practice." Civil L.R. 7.4 limits the number of pages for an expedited motion to three pages and any accompanying affidavits to two pages, allowing parties to seek non-dispositive relief in a relatively speedy manner. To the extent that the plaintiff cites to its "complaint," a document of over fifty pages, to substantiate its claims, the court sees this as an "end run" around the strictures of Civil L.R. 7.4, and, as such, any assertions not within the movant's motion or affidavit will not be entertained by this court. Efforts to "stretch the limits" of Civil L.R. 7.4 are met with resistance by this district's courts. *See India Brewing, Inc. v. Miller Brewing Co.*, 237 F.R.D. 190, 195 (E.D. Wis. 2006)

Depot informed its suppliers on July 8, 2009, that on September 4, 2009, the defendant's suppliers must cease using Edgenet to provide product data to Home Depot and instead must use HomeDepotLink, the defendant's own product. (Exhibit A Pg 1). Furthermore, Frederick attests to his fears that the defendant's product was developed by misappropriating Edgenet's intellectual property and, in implementing its new product, Home Depot is disclosing or will disclose Edgenet's knowledge base to third parties, including the plaintiff's competitors. (Exhibit A Pg. 2).

    In this case, based on an examination of the *Notaro* elements, Edgenet has not demonstrated a need for expedited discovery. Elements one and three weigh in favor of the non-moving party. Edgenet's motion does not indicate an irreparable injury will result without expedited discovery. The date for the defendant's requirement that its suppliers begin using HomeDepotLink has passed. Even if expedited discovery would have somehow alleviated the harm imposed on September 4, 2009 – a fact that is far from intuitive based on the plaintiff's motion – there is nothing that expedited discovery can now do to prevent that harm. Moreover, Edgenet has not shown that expedited discovery will prevent the harms isolated in the plaintiff's motion from occurring. The "implementation" of Home Depot's product did not begin on September 4, 2009. Even if all of the plaintiff's allegations are true, the harms proposed by Edgenet in its motion to the court do not stem primarily from the mere "use" of Home Depot's product by its suppliers. Rather, the alleged harms would have resulted from the disclosure of Edgenet's intellectual property when Home Depot was implementing HomeDepotLink, harms,

that while potentially actionable, are ones that expediting the discovery process will not help avoid. Additionally, Edgenet has not sought a preliminary injunction or a temporary restraining order against Home Depot and, as such, the claim to expedite discovery is premature, as Edgenet's end legal goal, as of now, is not to take emergency action to prevent the harms complained of in its motion. *See Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 532 (E.D.N.C. 2005) (holding that a plaintiff who had not yet filed a temporary restraining order or a motion for preliminary injunction, "setting out in detail the areas in which discovery is necessary in advance of a determination of preliminary injunctive relief," was not entitled to expedited discovery). Finally, this court finds the plaintiff's assertion regarding the urgency of the matter to border on the incredulous given their stipulation[4] to an extension of time for the defendants to file an answer to the complaint. (Docket #5).

The fourth *Notaro* factor – whether the injury that will result without expedited discovery is greater than the injury the party will suffer if the expedited relief is granted – weighs heavily in the defendants' favor. Edgenet's first proposed request for documents asks for nearly every document related to the claim at hand, and Edgenet's proposed order to the court would require the defendants to begin production within seven days of service with complete production within twenty-one days of service. As this district has noted, courts have an obligation to protect

---

[4] While Edgenet stated in their stipulation that it was made "without prejudice to its right to seek expedited discovery," the plaintiffs still agreed to prolong the litigation. It is within this court's discretion to find that such an action belies the basis for the current motion regardless of Edgenet's attempted condition on its stipulation.

-5-

defendants from unfairly expedited discovery. *Centrifugal Acquisition Corp.*, 2009 U.S. Dist. LEXIS 56170 at *3. Here, given the broad scope of Edgenet's discovery requests and the short time frame in which the defendants would be required to oblige the plaintiff's requests, this court can conclude that the injury resulting from expedited relief outweighs any benefits received from the process.

As the remaining *Notaro* element – "some probability of success on the merits" – was discussed only in the most broad terms by the plaintiff in the present motion, the court reasons that expedited discovery is not warranted at this stage of the litigation.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Expedited Discovery (Docket #10) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File 3-Page Reply in Support of its Motion for Expedited Discovery (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge